# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

BRITNI MICHAELS,            )
                            )
    Plaintiff,          )
                            )
v.                          )   Case No. CIV-18-610-SLP
                            )
YOUTH SERVICES FOR          )
   OKLAHOMA COUNTY, INC.    )
                            )
    Defendant.          )

# **O R D E R**

Before the Court is Defendant's Motion to Compel Plaintiff's Counseling and Mental Health Records [Doc. No. 19]. The motion is at issue. *See* Resp., Doc. No. 26.

## I. Background

Per Plaintiff's Second Amended Petition, Plaintiff, while a minor, was removed from her home by the City of Edmond's police department in September 2015. Plaintiff was taken to Defendant's Community Intervention Center, which was a youth-specific 24-hour holding facility operated (at the time) by Defendant pursuant to a contract with the Oklahoma Office of Juvenile Affairs. While at the Center, Plaintiff was raped by Defendant's employee. The employee later pleaded guilty to a criminal charge in state court. Plaintiff sued Defendant, and Plaintiff's sole remaining claim against Defendant is one made pursuant to 42 U.S.C. § 1983.

Plaintiff asserts violations of her due process and equal protection rights via § 1983. Specifically, Plaintiff alleges that Defendant "[f]ail[ed] to enact and implement adequate policies concerning sexual harassment, misconduct and abuse of adolescents in its facility,"

"[f]ail[ed] to remove [the employee at fault] from its facility," "[f]ail[ed] to prevent adolescents from being alone with [the employee]," "[f]ail[ed] to investigate [the employee] properly, before and after these referenced allegations," "[f]ail[ed] to hire, train, supervise, and retain [the employee] properly," "[f]ail[ed] to adequately train and supervise . . . its staff and employees," and "[e]xhibit[ed] deliberate indifference to the sexual misconduct directed at Plaintiff." Second Am. Pet. ¶ 17, Doc. No. 2-13. Plaintiff further alleges that Defendant had unconstitutional customs or policies of "[f]ailing to investigate criminal misconduct," "[d]iscounting the credibility of adolescent[s'] allegations," and "[f]ailing to adequately train and supervise employees with regard to the investigation and reporting of sexual abuse of adolescents." *Id.* ¶ 18. Plaintiff alleges that Defendant's actions and omissions caused her to "suffer[] severe emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation." *Id.* ¶ 32. She seeks "[c]ompensatory damages [for her] physical damages as well as [for] psychological and emotional distress." *Id.* ¶ 52(a).

Defendant asks the Court to compel Plaintiff to answer two interrogatories to which she objected. One interrogatory asked for "[identifying information for] every health care provider providing an assessment, care, and/or treatment (including state agency) to [Plaintiff] for any physical injuries, mental anguish, emotional distress, and/or mental disability allegedly resulting from Defendant's acts or omissions that are the subject matter of this litigation." Def.'s Interrog. No. 7, Doc. No. 19-1. Another interrogatory asked for the same information, but for the past ten years instead of in relation only to the incident at issue in this lawsuit. *See id.* at Interrog. No. 8. As to the latter, broader, interrogatory,

Defendant only asks the Court to compel identification of "mental health professionals who have provided medical or counseling services regarding the incident at issue and any treatment received thereafter." Mot. 7, Doc. No. 19. Plaintiff objects to both interrogatories based on lack of relevance.

Defendant also seeks Plaintiff's execution of authorizations for the release of her health information and records by three mental health care providers identified by Plaintiff in her deposition, as well as any additional providers identified by Plaintiff in response to the above-indicated interrogatories. *See* Email from Jessica Dark to Cameron Spralding (June 14, 2019, 11:11 AM), Doc. No. 19-3; *see also* Resp. 2-3, Doc. No. 26 (indicating that Defendant requested medical authorizations from Plaintiff as part of Defendant's Request for Production No. 11).[1] Plaintiff again objects based on lack of relevance.[2]

## II. Relevant discovery standard

Federal Rule of Civil Procedure 26(b)(1) applies to Plaintiff's motion, and it provides in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

---

[1] Plaintiff indicates that her response to Defendant's Request for Production No. 5 is also at issue. *See* Resp. 2, Doc. No. 26. But the Court finds no mention of this request in Defendant's motion. Nor did Defendant attach this request and Plaintiff's response thereto to her motion. Because it does not appear that Defendant has placed Plaintiff's response to its fifth request for production at issue in its motion, the Court does not address this request and Plaintiff's response thereto.

[2] Defendant does not argue that Plaintiff waived any privilege claim she has by failing to assert the same in her initial responses to Defendant's discovery requests, and Defendant addressed the issue of privilege in her motion. The Court therefore does not consider the issue of waiver based on failure to timely raise the issue of privilege by Plaintiff. Because both parties have addressed privilege in their briefs, the Court may (and will) address it.

3

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"When requested discovery appears relevant, the party objecting to production has the burden of establishing the lack of relevance by demonstrating that the request falls outside the scope set forth in Rule 26(b)(1), or that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Shotts v. Geico Gen. Ins. Co.*, No. CIV-16-1266-R, 2017 WL 4681797, at *1 (W.D. Okla. Oct. 17, 2017) (citation omitted).

### III. Discussion and analysis

Plaintiff makes two arguments in opposition to Defendant's motion. First, Plaintiff asserts that Defendant cannot ask the Court to compel additional answers and responses to the discovery requests at issue because the requests were made by Defendant and responded to by Plaintiff in state court before this case was removed to this Court. Plaintiff relies on Local Civil Rule 81.2(c), which states that "[i]n the absence of a contrary stipulation or court order" (neither of which is in play here), "discovery pending in state court at the time of removal is considered void." Plaintiff's mistake is that there was no discovery "pending"—i.e., propounded by one party and not yet objected or responded to by the other party—at the time of removal because Plaintiff had already issued her answers and responses to Defendant's requests at the time of removal. L. Cv. R. 81.2(c). The Court therefore finds this local rule not to be applicable in this scenario. Defendant's pre-removal

4

discovery requests to Plaintiff, as well as Plaintiff's pre-removal responses thereto, are not void.[3]

Second, Plaintiff argues that the information and medical authorizations requested by Defendant are not relevant to this case because "[a]sserting a claim for pain, suffering or mental anguish does not inject . . . Plaintiff's physical or mental condition into the case or permit Defendant to discover Plaintiff's medical, counseling and psychological records." Resp. 4, Doc. No. 26. Plaintiff continues by asserting that she has not waived any privileges she has with her health care providers "simply because [she] state[d] a claim for mental pain, suffering, or anguish associated with Plaintiff's personal injuries sustained in the subject incident" because her alleged injuries are based in "*[g]eneric* claims for mental anguish or suffering . . . [which] does not exceed that which an ordinary person would likely experience in similar circumstances." *Id.* (emphasis added). Plaintiff, however, undersells the extent of her own claimed injuries.

Plaintiff relies primarily on case law addressing privileges in state-court or diversity cases where state-law causes of action were at issue. *See, e.g.*, Resp. 4-5, Doc. No. 26 (discussing and quoting from *Shreck v. N. Am. Van Lines, Inc.*, No. 05-CV-601-TCK-PJC,

---

[3] Under Plaintiff's interpretation of Local Civil Rule 81.2(c), a party hoping to compel additional discovery responses or the production of documents in a case like this—where a substantial amount of litigation occurred in state court prior to removal because Plaintiff had not yet asserted a claim arising from federal law (thereby giving this Court subject-matter jurisdiction under 28 U.S.C. § 1331)—would have to re-serve discovery requests post-removal despite already having the opposing party's responses or answers to those same requests from the pre-removal period before it could file a motion to compel. This approach would be inefficient and would not comport with Rule 1's goal of a "just, speedy, and inexpensive determination of every action and proceeding."

5

2006 WL 1720545 (N.D. Okla. Jan. 19, 2006)); *id.* at 5-6 (same, with reliance on other federal court cases that involved state-law-based claims and state-law-based privileges). But Plaintiff's claim is based in federal law and, "[w]hen a party raises [a] privilege in a federal question case, the federal common law applies." *Hill v. City of Okla. City*, No. CIV-15-881-C, 2017 WL 2271479, at *1 (W.D. Okla. May 23, 2017); *see Dalcour v. City of Lakewood*, No. 08-cv-747-MSK-KLM, 2009 WL 1392079, at *3 (D. Colo. May 15, 2009) ("[W]hen federal law governs the rule of decision, federal common law, as opposed to state law, governs the existence of privilege." (addressing a claim of physician-patient privilege in a § 1983 action)). The Court therefore focuses on the parties' arguments which are based in or consistent with the federal common law and federal privilege law.

The U.S. Supreme Court recognized a psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The question the Court must answer in this case is whether Plaintiff has waived her psychotherapist-patient privilege by filing this § 1983 action. The Tenth Circuit does not appear to have spoken as to this issue post-*Jaffee*. But U.S. Magistrate Judge Kirtan Khalsa of the District of New Mexico has summarized the approaches taken on this topic:

> Federal courts faced with this issue have developed divergent approaches for ascertaining whether the privilege has been waived. The so-called "narrow" approach holds that a patient only waives the privilege by putting the substance of the advice or communication with their psychotherapist directly at issue in the suit. Courts employing the "narrow" approach will only find a waiver of the privilege where the emotional distress claims are "severe," where the plaintiff relies on communications with a therapist as part of her case, or where the plaintiff intends to offer expert testimony on the claim of emotional distress. On the other side of the spectrum, under the so-called "broad" approach, courts have held that a plaintiff places her mental condition at issue and waives the privilege simply by making a claim for

6

emotional distress damages. Courts employing the "broad" approach will find a waiver of the privilege merely from the plaintiff putting her emotional state at issue in the litigation. There is a final approach, the so-called "middle ground" approach—which has become the majority view—which holds that where a plaintiff merely alleges "garden variety" emotional distress and neither alleges a separate tort for the distress, nor any specific psychiatric injury or disorder, nor unusually severe distress, that plaintiff has not placed her mental condition at issue to justify a waiver of the psychotherapist-patient privilege.

*Castillo v. Villa*, No. 15-344 SCY/KK, 2016 WL 10592207, at *6 (D.N.M. Jan. 22, 2016) (quotation marks omitted) (quoting *Awalt v. Marketti*, 287 F.R.D. 409, 417 (N.D. Ill. 2012)). Although neither party is explicit in doing so, Plaintiff advocates for the middle-ground approach and Defendant advocates for the broad approach.

To apply the middle-ground approach, a court must define what constitutes "garden variety emotional distress." *Id.* As summarized by Judge Khalsa, district courts' definitions have included:

> [T]he distress that any healthy, well-adjusted person would likely feel as a result of being so victimized; the generalized insult, hurt feelings and lingering resentment which anyone could be expected to feel given the defendant's conduct; the normal distress experienced as a result of the claimed injury; the negative emotions that plaintiff experienced essentially as the intrinsic result of the defendant's alleged conduct, but not the resulting symptoms or conditions that she might have suffered; the generalized insult, hurt feelings, and lingering resentment that does not involve a significant disruption of the plaintiff's work life and rarely involves more than a temporary disruption of the claimant's personal life; the ordinary or commonplace, simple or usual; those that do not involve psychological treatment or adversely affect any particular life activities; those where the plaintiff describes his or her distress in vague or conclusory terms, but does not describe their severity or consequences; or those that involve the general pain and suffering and emotional distress one feels at the time of the complained-of conduct, but not any ongoing emotional distress.

*Id.* at *7 (quoting *Flowers v. Owens*, 274 F.R.D. 218, 225-26 (N.D. Ill. 2011)).

The Court need not choose between the broad and the middle-ground approaches to waiver because Plaintiff has waived her privilege under either standard. Waiver occurs under the broad approach when a party "mak[es] a claim for emotional distress damages" and under the middle-ground approach when a party "alleges . . . unusually severe distress." *Castillo*, 2016 WL 10592207, at *6. Here, Plaintiff alleges that Defendant's conduct "shocks the conscience" and that Defendant's actions and omissions caused her "*severe* emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation" for which she seeks to recover in her § 1983 claim. Second Am. Pet. ¶ 32, Doc. No. 2-13 (emphasis added). She has alleged more severe emotional distress than simply regular pain and suffering.

Plaintiff's allegations thus satisfy either standard urged by the parties, and Plaintiff has waived the psychotherapy-patient privilege. *See Castillo*, 2016 WL 10592207, at *7 ("extreme emotional distress" not "garden variety emotional distress"); *see also West v. Burch*, No. CIV-03-1019-T, 2005 WL 8157531, at *2 (W.D. Okla. May 4, 2005) (finding that the psychotherapist-patient privilege was waived by a plaintiff who "placed her mental state at issue by alleging that defendants [in a § 1983 case] caused her to suffer severe emotional distress"); *cf. Jackson v. Chubb Corp.*, 193 F.R.D. 216, 225 n.8 (D.N.J. 2008) ("[One of] the most common way[s] for a plaintiff to place his/her mental or emotional condition at issue is to . . . seek damages for severe emotional distress." (collecting cases)). Indeed, Plaintiff's allegation in her Second Amended Petition arguably satisfies the "narrow" approach to wavier as well, which "find[s] a waiver of the privilege where the emotional distress claims are 'severe.'" *Castillo*, 2016 WL 10592207, at *6.

Having found that Plaintiff has waived any applicable psychotherapy privilege, the Court must still determine whether the information and documents requested by Defendants are relevant. The Court finds that the information called for by Defendant's Interrogatory No. 7 is relevant—i.e., "health care provider[s] providing an assessment, care, and/or treatment . . . for any physical injuries, mental anguish, emotional distress, and/or mental disability allegedly resulting from Defendant's acts or omissions that are the subject matter of this litigation." Def.'s Interrog. No. 7, Doc. No. 19-1. As stated in Defendant's request, the information that Defendant seeks plainly relates to the subject of this lawsuit and Plaintiff's claim arising therefrom.[4]

The Court likewise finds that the information called for by Defendant's Interrogatory No. 8 is relevant to the extent it is sought in Defendant's motion—i.e., "health care provider[s] providing an assessment, care, and/or treatment . . . for any physical injuries, mental anguish, emotional distress, and/or mental disability" (*id.* at Interrog. No. 8) "subsequent to the incident." Mot. 6, Doc. No. 19. Defendant does not seek, and the Court does not rule on, the relevancy of identification of or documents requested from any persons who provided care to Plaintiff prior to September 3, 2015.

Finally, the Court finds that Plaintiff should be required to execute medical authorization as to records for the same time period addressed *supra*. *See Mirtes v. Norfolk*

---

[4] Notably, as to at least one of Plaintiff's counselors, she responded in the affirmative when asked whether she was seeing her "because of the [incident at issue in this lawsuit]." Pl. Dep. 43:17, Doc. No. 19-2. Such information is plainly and facially relevant.

9

*S. Ry.*, No. 3:05CV7216, 2005 WL 3527292, at *1 (N.D. Ohio Dec. 22, 2005) (collecting cases).

The Court finds no indication that Defendant seeks—as Plaintiff posits it does—to "subject[ Plaintiff] to a gauntlet of pretrial medical and psychological probings." Resp. 8-9, Doc. No. 26. Rather, the instant motion only addresses responses to two interrogatories and execution of medical authorizations by Plaintiff, not any hypothetical to-be-conducted medical or psychological procedures or evaluations.

### IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Plaintiff's Counseling and Mental Health Records [Doc. No. 19] is GRANTED as set forth herein. Additional discovery responses or document production required by this order shall be completed by Plaintiff within 14 days.

IT IS SO ORDERED this 17th day of July, 2019.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE